UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-077 S |
| | : | |
| JULIA PANSOY-CALEL | : | |

MOTION FOR A DOWNWARD DEPARTURE AND
SENTENCE OUTSIDE OF THE GUIDELINE RANGE

Now comes the defendant and moves for a downward departure and a sentence outside of the applicable guideline range. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not believe that this post-plea motion is governed by 18 U.S.C. §3161(h).

Julia Pansoy-Calel
By her Attorney,

/s/ Robert B. Mann____________________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this l5th day of September, 2006, I did send a true copy of the within document by electronic means (ECF) to:

Richard Rose, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-077 S |
| | : | |
| JULIA PANSOY-CALEL | : | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A DOWNWARD DEPARTURE AND A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

The defense has moved for a downward departure and for a sentence outside of the guideline range, which is 10 to 16 months. Significantly, this guideline range is found in Zone C of the Sentencing Table. There is no dispute with the calculation of the guideline range. The Court of Appeals has established a template for post Booker sentencing. United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc). One starts with the calculation of the guideline range. In this case the guideline range calls for a sentence of 57-71 months. Ultimately, however, this Court must impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. §3553(a). In a concurring opinion in United States v. Jimenez-Beltre, supra, Judge Torruella referred to this provision as a "central principle." Id. at 521. In this case, the defendant moves for a downward departure under the guidelines and for a sentence outside of the guideline range, based on the factors identified in 18 U.S.C. §3553(a).

I. SALIENT FACTS WARRANTING A DOWNWARD DEPARTURE AND A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

The defendant in this case is a 51 year old woman with no prior criminal record. She has been in custody since May 11, 2006. By the time of sentencing, she will have

been in custody just over 5 months. She has 0 criminal history points. She has serious medical problems, documented in the presentence report.

The defendant's immigration status is important. She is an illegal alien. An immigration detainer has been lodged against her, since May 12, 2006, the date of the defendant's initial appearance before U.S. Magistrate Judge Martin. The presentence report verifies this information. (Paragraph 41)

In the plea agreement the government agrees to:

> ….recommend that the Court impose the lowest term of imprisonment within the range of sentences as calculated under the United States Sentencing Guidelines, including a "split sentence" if the defendant is eligible….

Paragraph 2a of the Plea Agreement. Because the guideline range in this case is 10 to 16 months in Zone C of the Sentencing Table, the defendant would normally be eligible to have one half of her sentence served in home detention.

As a result of the defendant's alien status she has suffered and will continue to suffer significant adverse consequence. First, since the date of her initial appearance, there has been an immigration detainer lodged against her. Had she posted bail, she would have been subject to detention by immigration. The detainer remains posted to this date. Second, as a consequence of the immigration detainer, the defendant is effectively precluded from home detention, for which she would otherwise be eligible. See, e.g., United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994).[1] She is also effectively precluded from lower level classifications within the Bureau of Prisons as a result of her status as an immigrant. Id.

---

[1] The defense recognizes that United States v. Smith is a 1994 case. The defense believes that present Bureau of Prisons policy with respect to immigrants is no more favorable. See also United States v.

II. THE LEGAL ANALYSIS

The question this case presents is whether or not and when a defendant's immigration status is a basis for a downward departure and/or a sentence outside of the guideline range. This matter was considered in United States v. Pacheco-Soto, 386 F. Supp. 2d 1198 (D. New Mexico, 2005). The Court granted a downward departure because of a defendant's immigration status. The Court said:

> Here, it is solely because of Defendant's status as a deportable alien that he faces a unwarranted increase in the severity of his sentence. He likely will not eligible for any early release, he will not be able to serve his sentence in a minimum security prison, and he may not qualify for reduced credits for participation in a residential drug or alcohol abuse program. These consequences are severe and unfair. In considering this issue, the Court distinguishes Defendant's case from that of other defendants who are sentenced for an offense, such as illegal reentry, that by its nature is committed only by deportable aliens.

United States v. Pacheco-Soto, 386 F. Supp. 2d 1198, 1205 (D.N.M. 2005).

This case does not present the scenario considered in United States v. Vasquez, 279 F.3d 77 (lst Cir. 2002). In that case, the Court of Appeals held that the collateral consequences suffered by a defendant as a result of the defendant's alien status did not constitute a permissible ground for a downward departure under U.S.S.G. §5K2.0, with regard to an illegal reentry case in which sentence is imposed pursuant to 8 U.S.C. § 1326(a) and U.S.S.G. § 2L1.2. This case is not an illegal reentry case and the decision in United States v. Vasquez specifically limited itself to reentry cases. Id. at 80-81. United States v. Pacheco-Soto, supra, also specifically noted that a prosecution under 8 U.S.C. §1326 by definition considered defendant's immigration status. Id. at 1205-1206.

---

Pacheco-Soto, 386 F.Supp.2d 1198, 1205 (D. New Mexico, 2005), discussed infra and noting the adverse consequences likely to be suffered by a defendant as a result of the defendant's immigration status.

The crime with which this defendant is charged could be committed by a citizen, a legally admitted alien, or an illegal alien. There is nothing in the guidelines or the statute which are the basis of these charges which suggests they take into account the defendant's immigration status.

In a pre Booker case, the Court of Appeals for the First Circuit said:

> In short, a deportable alien who commits a crime is still within the "heartland" of the guidelines, absent something more. See United States v. Garay, 235 F.3d 230, 233-34 (5th Cir. 2000); United States v. Farouil, 124 F.3d 838, 847 (7th Cir. 1997). HN4 If deportability, expense, or some combination of the two justifies a departure, it would have to be based on case-specific findings that made the case unusual.

United States v. Maldonado, 242 F.3d 1, 5 (1st Cir. 2001). In this case, there are specific facts that make the case unusual. The defendant is charged with a non-violent crime for which relatively low bail was set. Her immigration status meant that even if she posted bail, she would be in Immigration custody. Now, the guideline score in her case would permit a sentence of five months home detention, but her immigration status effectively precludes this option. Finally, the defendant faces additional detention after completion of her federal sentence, as a consequence of her immigration status.

The defense submits that all of the above support the claim for a downward departure under the sentencing guidelines. In addition, the defense submits that a consideration of 18 U.S.C. §3553(a) provides an independent reason for a sentence outside of the guideline range.

One first looks at 18 U.S.C. §3553(a)(1), which states the Court shall consider, "the nature and circumstances of the offense and the history and characteristics of the

defendant;". In this case a 51 year old woman with no prior record has been incarcerated and is facing deportation for the commission of a non-violent crime. She also suffers from significant medical problems, documented in the presentence report by the many medications she takes. In considering the factors set forth in 18 U.S.C. §3553(a)(2), there is additional support for a sentence outside of the guideline range. To the extent that the sentence must "promote respect for the law" and provide "adequate deterrence to criminal conduct", the defense submits that the imposition of a prison sentence to be followed by deportation for a non-violent, non-drug, offense sends a message that resonates and the imposition of additional prison time is not required. The time the defendant has already served satisfies the requirements of 18 U.S.C. §3553(a)(2)(A) and (B). The public will be protected from further crimes of the defendant. She will be deported. Finally, in considering the kinds of sentences available (18 U.S.C. §3553(a)(3), the fact that home confinement is not available is a factor for this Court to consider.

For all of the reasons set forth above, the defense asks for a downward departure and a sentence outside of the guideline range pursuant to 18 U.S.C. §3553(a).

Julia Pansoy-Calel
By her Attorney,

/s/ Robert B. Mann____________________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 5th day of October, 2006, I did send a true copy of the within document by electronic means (ECF) to:

Richard Rose, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net